**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRENDEN NANCE,

Plaintiff,

-against-

NEW YORK PUBLIC INTEREST RESEARCH GROUP FUND, INC., NEW YORK PUBLIC INTEREST RESEARCH GROUP, INC., and BLAIR HORNER,

Defendants.

Case No. 1:23-cv-03030 (MKV) (RWL)

Defendants New York Public Interest Research Group, Inc., New York Public Interest Research Group Fund, Inc., and Blair Horner (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, Jackson Lewis P.C., hereby file their Answer and Defenses to Plaintiff's Summons with Notice and state as follows:

**AS TO "PLEASE TAKE NOTICE THAT"**

1. Defendants avers that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law, but deny that they violated any law or that Plaintiff is entitled to any relief whatsoever.

**AS TO "PLEASE TAKE FURTHER NOTICE"**

2. No response is required to the allegations to the extent they call for a legal conclusion. To the extent a response is required, Defendants deny the allegations and refer the Court to Defendants' Notice of Removal.

**AS AND FOR AFFIRMATIVE AND OTHER DEFENSES**

3. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

**FIRST DEFENSE**

4. Plaintiff fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

5. Plaintiff's claims should be dismissed to the extent they are barred, in whole or in part, by the applicable limitations periods.

**THIRD DEFENSE**

6. Plaintiff's claims of discrimination and retaliation and/or any recovery of damages are precluded because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, including, but not limited to, publishing policies prohibiting discrimination, harassment and retaliation.

**FOURTH DEFENSE**

7. At all relevant times, Defendants acted reasonably and in good faith and did not violate, interfere with, refuse or deny any rights which may be secured to Plaintiff under any applicable laws, rules, regulations, codes, guidelines or common law.

**FIFTH DEFENSE**

8. At all relevant times, Defendants' actions with respect to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory business reasons and would have been taken regardless of Plaintiff's membership in any protected category or engagement in any allegedly protected activity.

**SIXTH DEFENSE**

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants.

**SEVENTH DEFENSE**

10. Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate his alleged damages.

**EIGHTH DEFENSE**

11. Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, estoppel, laches and/or set-off.

**NINTH DEFENSE**

12. Plaintiff is not entitled to recover any punitive damages against Defendants because, inter alia, Defendants acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

**TENTH DEFENSE**

13. Some or all of Plaintiff's claims for damages or relief are barred because such damages or relief are speculative, not available under applicable law, or exceed relief available under applicable law.

**ELEVENTH DEFENSE**

14. Plaintiff's claims are barred and any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities to avoid harm otherwise.

**TWELFTH DEFENSE**

15. Plaintiff's claims of retaliation are barred because Plaintiff did not engage in protected activity.

## RESERVATION OF DEFENSES

16. In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendants respectfully request that the Court:

17. Dismiss Plaintiff's Summons with Notice in its entirety, with prejudice;

18. Deny each and every demand, claim and prayer for relief contained in Plaintiff's Summons with Notice;

19. Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

20. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: April 24, 2023
New York, New York

By: /s/ *Felice Ekelman*
Felice Ekelman

ATTORNEYS FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that on **April 24, 2023**, the foregoing Answer was filed electronically with the Court's electronic transmission facilities pursuant to Fed. R. Civ. P. 5(b)(3) and Southern and Eastern District Local Civil Rule 5.2 and also served on Plaintiff by U.S. Mail at the following address:

Megan S. Goddard
Goddard Law PLLC
39 Broadway, Suite 1540
New York, NY 10006
Telephone: (646) 504-8363

/s/ *Felice Ekelman*
Felice Ekelman

4875-2129-2383, v. 1